SAMUEL V. MILLER, APPELLANT, *v.* ARTHUR O'KAIN, RESPONDENT.

*Proving claim against estate of bankrupt — effect of, on right to sue thereon.*

The amendment to the twenty-first section of the bankrupt act, passed June 12, 1874, providing that a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt, when a discharge has been refused, or the proceedings have been determined without a discharge, was not intended to change the law on that subject, but simply to remove all doubt as to its true construction.

The original section was not intended to cut off absolutely the rights of the creditor by mere proof of his debt, but the provision was designed to take effect only upon the condition that the debtor obtained his discharge.

APPEAL from a judgment in favor of the defendant, entered upon the trial of this action at the Special Term.  Judgment in this action was ordered for defendant on the ground that plaintiff, having proved his debt in bankruptcy against defendant, was precluded from maintaining this action therefor.  The proceedings in bankruptcy were terminated before this action was brought, without discharge of defendant.

*Brown & Wood,* for the appellant.

*Charles S. Baker,* for the respondent.

E. DARWIN SMITH, J.:

This cause, it appears, was decided, and the finding of the judge who tried the same was signed by him, on the 6th of June, 1874, and was filed in the proper clerk's office, on the ninth of the same month, but the judgment was not actually perfected till the sixth of July afterward.  Intermediate the decision and the entry of judgment, the bankrupt act was amended by a provision which took effect on the twenty-second of June, which would clearly have rendered the judgment erroneous if it had been in force at the time of the trial and decision.  The judgment, though entered up after the passage of said amendment, should relate to the time when the decision was rendered, and this court would doubtless have

allowed it to be entered up as of that date, if that would make it a valid judgment. Judgment was ordered for the defendant, upon the ground that the plaintiff, having proved his debt in bankruptcy against the defendant, was precluded, by the terms of the twenty-first section of the bankrupt act, "from maintaining any suit at law or in equity therefor against the bankrupt but should be deemed to have waived all right of action and suit against the bankrupt and all proceedings already commenced or unsatisfied judgments already obtained therein should be deemed discharged and surrendered thereby." (Stat. of 1867, § 21.)

As this statute has been amended as above stated, by an act passed June 22, 1874, containing a provision as follows: "But a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt when a discharge has been refused or the proceedings have been determined without a discharge," it cannot be important to discuss particularly the question upon which the decision turned at Special Term, as this amendment removes all doubt as to the meaning and intent of the statute. We have no doubt, however, that this amendment correctly interprets the original intent and meaning of the act amended, and that this amendment was not intended to change the law on the subject, but simply to remove all doubt as to its true construction. Such we understand the learned circuit judge of the United States for this circuit to have held in the case of *Clark* v. *Bailey* (Int. Rev. Rep.); and *vide* Bump on the Law and Practice in Bankruptcy (7th ed.) 200; and, also, *Dingee* v. *Becker* (9 Nat. Bankr. Reg., 509), where a construction of the original section is held in conformity with the terms of such amendment. The latter case discusses the question quite fully, and, we think, shows quite conclusively that the original section was never intended to cut off absolutely the rights of the creditor by mere proof of his debt, and that such provision was merely provisional in its effect and operation, and designed to take effect only upon the condition that the debtor duly prosecuted his proceedings in bankruptcy to a final discharge.

It is the *discharge*, and not the mere proof of the debt, that finally discharges such debt and the debtor absolutely. Any other construction of the section would, we think, be repugnant to the whole scope and design of the bankrupt act. Every statute should

be construed in view of its general purpose and intent, and so as to give full effect to all its provisions.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Judgment reversed and new trial granted, costs to abide event.